1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| JONATHAN E. HOLTZ, | CASE NO. 13-5985-RJB |
|---|---|
| Plaintiff, | ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SKANSKA U.S.A., INC., MAJA EGNELL, and THOMAS CRANE, | |
| Defendants. | |

11
12
13
14
15
16
17

        This matter comes before the court on Defendants' Motion for Summary Judgment, filed

on September 15, 2014. Dkt. 20. The Court has considered the file, including the pleadings filed

in support of and in opposition to the motion. Because material issues of fact exist regarding

Defendants' claims, the Court should deny summary judgment, except as to defendant Thomas

Crane.

18
19
20
21
22

I.        PROCEDURAL HISTORY

23
24

1   Plaintiff Jonathan Holtz filed claims for age and gender discrimination against Skanska

2   USA, Inc. ("Skanska"), his former supervisor Maja Egnell, and his former supervisor Thomas

3   Crane under the Washington Law Against Discrimination ("WLAD"), RCW 49.60. Dkt. 1. Filed

4   on October 17, 2013, in Clark County Superior Court, the action was removed to this Court on

5   November 13, 2013, on the basis of diversity jurisdiction. *Id.* On September 15, 2014,

6   Defendants filed this Motion for Summary Judgment. Dkt. 20. Plaintiff responded with his

7   Memorandum in Opposition to Defendants' Motion for Summary Judgment (Dkt. 28) on

8   September 29, 2014, and Defendants replied on October 16, 2014 with their Reply in Support of

9   Defendants' Motion for Summary Judgment (Dkt. 35).

10   II.   RELEVANT FACTS

11   Plaintiff worked for defendant Skanska and its predecessor companies for seventeen

12   years. Dkt. 28 at p. 1. Skanska, one of the largest construction companies in the U.S., is the U.S.

13   subsidiary of Skanska AB, based in Sweden. Dkt 24. Plaintiff has a Bachelor's of Science degree

14   in Civil Engineering and a Master's Degrees in Business Management and Civil

15   Engineering/Construction Management. Dkt. 28 at p. 1. From 2004 until his termination in

16   August 2013, Plaintiff was Skanska's Senior Director of Learning. Dkt. 20 at p. 2. Plaintiff's

17   duties included developing core training curricula and classes; teaching training courses;

18   providing training for new performance management systems; managing training committee

19   meetings; managing his department's budget; determining training needs for employees; and

20   assisting with the development of a new learning management system. Dkt. 20 at p. 3. Some

21   dispute exists regarding whether Plaintiff had additional duties outside of these listed. *See* Dkt.

22   35 at p. 3; Dkt. 29 at p. 6; Dkt. 37-1 at pp. 5–11.

23

24

1    In 2011, Skanska began developing a new learning management system. Dkt. 20 at p. 3.

2    Skanska employee Ola Grenner was project manager for the development of the new learning

3    management system. *Id.* Because Plaintiff was Senior Director of Learning, Mr. Grenner worked

4    with Plaintiff in developing the new learning management system. *Id.* Mr. Grenner stated in his

5    deposition that he had "a constant struggle" with Plaintiff's performance, which he

6    communicated to Plaintiff's supervisor, Maja Egnell after she became Plaintiff's supervisor in

7    January 2013. *Id.* Although Mr. Grenner indicated in his declaration that he discussed staying

8    focused on the project's priorities with Plaintiff, Plaintiff stated in his declaration that he was

9    unaware of the depth of Mr. Grenner's concerns. *See id.* at p. 5; Dkt. 29 at p. 3.

10    Similar to Mr. Grenner, although Ms. Egnell stated in her declaration that she was

11    frustrated by Plaintiff, she only communicated her frustration to him a few times. Dkt. 24 at p. 2;

12    Dkt. 29 at p. 3. Ms. Egnell claims in her declaration that she counseled Plaintiff regularly in 2013

13    about focusing on one assignment at a time. *Id.* While Plaintiff admitted that Ms. Egnell

14    "chastised" him once about sending out a meeting agenda prematurely, he denied in his

15    declaration that he received any counseling about job performance. Dkt. 29 at p. 3. Ms. Egnell

16    stated in her deposition that she was offended by Plaintiff once during a discussion when

17    Plaintiff compared her to an assassin played by Lucy Liu in the "Kill Bill" movies. Dkt. 22-1 at

18    p. 14. Ms. Egnell stated in her declaration that, in a conversation with Plaintiff, Plaintiff referred

19    to Skanska's performance management process as a "waste of time" and said that the only reason

20    people do performance reviews is to avoid getting fired. Dkt. 24 at p. 2; *see also* Dkt. 22-1 at p.

21    16. In his deposition, Plaintiff admitted that these incidents occurred. Dkt. 22-1 at pp. 14–16.

22    Despite these incidents, Plaintiff received satisfactory or above satisfactory performance reviews

23    in all but three out of twenty-eight areas in February 2013, six months before he was terminated.

24

1  Dkt. 34-2 at p. 6. The three areas Plaintiff received less than satisfactory reviews in were listed as

2  "Development Areas." *Id.* Plaintiff received the maximum bonus every year possible. Dkt. 29 at

3  p. 3.

4         In the summer of 2013, while Plaintiff still worked at Skanska, Ms. Egnell decided to

5  reorganize learning and talent management at Skanska. Dkt. 24 at p. 3. Skanska hired an

6  executive search firm to advertise for a position titled Senior Manager, Talent Development &

7  Learning that included all of Plaintiff's duties. *Id.* at p. 4. Plaintiff and Defendants disagree about

8  whether the advertised position contained duties in addition to those that Plaintiff performed

9  when he was Senior Director of Learning. *See* Dkt. 35 at p. 3; Dkt. 29 at p. 6; Dkt. 37-1 at pp. 5–

10  11; Dkt. 30 at p. 3; Dkt. 33 at pp. 8–9, 12–15. Ms. Egnell interviewed at least two people, first

11  offering the position to a man named Marco Deraney, who, Ms. Egnell said, "could be

12  approximately 50 years of age." Dkt. 24 at p. 4. Mr. Deraney declined the offer because the

13  salary was not high enough and because it would have added to his commute. *Id.* at p. 4. Ms.

14  Egnell stated in her declaration that she next offered the position to a thirty-four year old woman

15  named Jamie Diamante who accepted the offer. *Id.* Ms. Egnell claimed in her declaration that she

16  did not consider Plaintiff for the position because of the comments Plaintiff made that had

17  offended her and his statements he did not believe in employee reviews. *Id.* at p. 3.

18         Ms. Egnell stated in her declaration that she spoke with the Chief Human Resources and

19  Communications Officer at Skanska, Thomas Crane, about the need to terminate Plaintiff, and

20  Mr. Crane approved the termination. *Id.* at p. 3. Ms. Egnell claimed in her declaration that

21  Plaintiff's position was eliminated when the company created the new position. *Id.* at p. 4. At

22  Plaintiff's mid-term review on August 14, 2013, Ms. Egnell terminated Plaintiff. *Id.* That same

23  day, Ms. Egnell announced that Ms. Diamante would be starting as Skanska's Senior Manager,

24

1 Talent Development & Learning. Dkt. 33 at p. 11. Several months later, while briefing a vendor

2 on changes at Skanska, Ms. Egnell referred to Ms. Diamante in an email as Plaintiff's

3 "replacement." Dkt. 33 at p. 15.

4      Since Skanska terminated Plaintiff, he has officially applied for one job. Dkt. 20 at pp.

5 17–18. Plaintiff decided to pursue a Ph.D. in Industrial and Organizational Psychology. Dkt. 29

6 at p. 4. Plaintiff stated in his deposition that he has not applied to more jobs because "I looked at

7 some other jobs, but they were all – typically the salaries that they're seeking are significantly

8 lower, and it would distract me from my primary objective, which is to get the degree." Dkt. 22-

9 1 at p. 3. Defendants have identified three jobs they found through online searches that Plaintiff

10 qualified for; however, the salary is not listed. Dkt. 21-1. Plaintiff claims that he wants to obtain

11 his Ph.D. because he believes the degree is necessary to obtain a job with the same salary level

12 he had at Skanska. Dkt. 22-1 at p. 3.

13               III.    SUMMARY JUDGMENT STANDARD

14      Summary judgment is proper only if the pleadings, the discovery and disclosure materials

15 on file, and any affidavits show that there is no genuine issue as to any material fact and that the

16 movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

17 entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

18 showing on an essential element of a claim in the case on which the nonmoving party has the

19 burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

20 fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

21 the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

22 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

23 metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a

24

1   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

2   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

3   *Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

4   626, 630 (9th Cir. 1987).

5          The determination of the existence of a material fact is often a close question. The court

6   must consider the substantive evidentiary burden that the nonmoving party must meet at trial—

7   e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elec.*

8   *Serv. Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of

9   the nonmoving party only when the facts specifically attested by that party contradict facts

10  specifically attested by the moving party. The nonmoving party may not merely state that it will

11  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

12  to support the claim. *T.W. Elec. Serv. Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at

13  254). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"

14  will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

15                              IV.    DISCUSSION

16     A.  Age Discrimination

17         1.  Introduction.

18         Plaintiff alleges that Defendants discriminated against him based on his

19  age, in violation of the Washington Law Against Discrimination, RCW § 49.60. Dkt. 20 at p. 1.

20  Plaintiff claims he can establish a prima facie case of age discrimination because (1) he is in the

21  protected age group of over forty years old; (2) he was terminated; (3) he was performing his job

22  satisfactorily; and (4) he was replaced by someone significantly younger (thirty-four years old).

23  Dkt. 20 at pp. 3–7.

24

1    In their Motion for Summary Judgment (Dkt. 20), Defendants assert that Plaintiff's age

2    discrimination claim is baseless. Dkt. 20 at p. 9. Defendants claim that Plaintiff cannot establish

3    a prima facie case because he was not performing his job satisfactorily and he was not replaced

4    because his position was eliminated. *Id.* at 13. Defendants also claim that their offering the job

5    first to Marco Deraney precludes Plaintiff's claims because Mr. Deraney is male and over forty.

6    *Id.* at 14. Moreover, Defendants argue that even if Plaintiff can establish a prima facie case he

7    cannot establish pretext. *Id.* Defendants' stated reasons for terminating Plaintiff are that his

8    position was eliminated and that he was performing poorly. *Id.* at 14–16.

9    Plaintiff responds in his Memorandum in Opposition to Defendants' Motion for

10   Summary Judgment (Dkt. 28) that he can establish a prima facie case, and issues of material fact

11   exist regarding several elements. First, Plaintiff contends that issues of material fact exist

12   regarding whether he was doing satisfactory work. Dkt. 28 at p. 3. Additionally, although

13   Plaintiff asserts that no dispute exists on whether he was replaced by a woman in her thirties, he

14   argues that issues of fact exist on whether Jamie Diamante was hired for the same position from

15   which he was terminated. *Id.* at pp. 4–6. Plaintiff claims that because Ms. Diamante replaced

16   Plaintiff, Defendants' purported reason for firing Plaintiff—eliminating his position—is false. *Id.*

17   at pp. 6–7. Plaintiff also argues that he used reasonable care in seeking new positions, based on

18   the market, and that the question also belongs to the jury. *Id.* at 7.

19   In their Reply in Support of Defendants' Motion for Summary Judgment (Dkt. 35),

20   Defendants claim that Plaintiff's declaration opposing summary judgment (Dkt. 29) "is a sham

21   and must be stricken." Dkt. 35 at pp. 1–2. They also argue that Plaintiff cannot create a material

22   issue of fact by contradicting his own testimony. *Id.* at 2. Defendants contend that Plaintiff

23   abandoned his gender discrimination claims and claims against Mr. Crane by not directly

24

1   rebutting Defendants' arguments for summary judgment on those claims in his response brief

2   (Dkt. 28). *Id.* at 3, 9. They also reassert their argument that Plaintiff cannot establish pretext and

3   that Plaintiff failed to mitigate damages. *Id.* at 4–8, 10.

4        2.   Legal Standard.

5        It is unlawful for employers "[t]o discharge . . . any person from employment because of

6   age." RCW § 49.60.180(2). To create a prima facie case of age discrimination, "a plaintiff must

7   show that he or she (1) was within the statutorily protected age group; (2) was discharged by the

8   defendant; (3) was doing satisfactory work; and (4) was replaced by a significantly younger

9   person." *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 188 (citing *Grimwood v. Univ. of*

10   *Puget Sound, Inc.*, 110 Wn.2d 355, 362 (1988) (overruled on other grounds). The recently

11   decided Washington Supreme Court case of *Scrivener v. Clark College* illustrates the law well:

12        At trial, the WLAD plaintiff must ultimately prove that age was a "substantial
factor" in an employer's adverse employment action. *Mackay v. Acorn Custom*

13        *Cabinetry, Inc.*, 127 Wash.2d 302, 310, 898 P.2d 284 (1995). A "substantial
factor" means that the protected characteristic was a significant motivating factor

14        bringing about the employer's decision. *See id.* at 311 . . . . It does not mean that
the protected characteristic was the sole factor in the decision. *See Mackay*, 127

15        Wash.2d at 310–11 . . . .

16           Relatedly, summary judgment to an employer is seldom appropriate in the
WLAD cases because of the difficulty of proving a discriminatory motivation.

17        See *Riehl v. Foodmaker*, Inc., 152 Wash.2d 138, 144, 94 P.3d 930 (2004);
*Sangster v. Albertson's, Inc.*, 99 Wash.App. 156, 160, 991 P.2d 674 (2000)

18        ("Summary judgment should rarely be granted in employment discrimination
cases."); *see also Rice v. Offshore Sys.*, Inc., 167 Wash.App. 77, 90, 272 P.3d 865

19        (2012) (When the record contains reasonable but competing inferences of both
discrimination and nondiscrimination, the trier of fact must determine the true

20        motivation.). To overcome summary judgment, a plaintiff only needs to show that
a reasonable jury could find that the plaintiff's protected trait was a substantial

21        factor motivating the employer's adverse actions. *Riehl*, 152 Wash.2d at 149, 94
P.3d 930. "This is a burden of production, not persuasion, and may be proved

22        through direct or circumstantial evidence." *Id.*

           Where a plaintiff lacks direct evidence, Washington courts use the burden-

23        shifting analysis articulated in *McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817,
to determine the proper order and nature of proof for summary judgment. *Hume v.*

24        *Am. Disposal Co.*, 124 Wash.2d 656, 667, 880 P.2d 988 (1994). . . .

1         Under the first prong of the *McDonnell Douglas* framework, a plaintiff bears the initial burden of establishing a prima facie case of discrimination, which creates a presumption of discrimination. *Riehl*, 152 Wash.2d at 149–50, 94 P.3d 930; *Kastanis v. Educ. Emps. Credit Union*, 122 Wash.2d 483, 490, 859 P.2d 26, 865 P.2d 507 (1993). Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash.2d 355, 363–64, 753 P.2d 517(1988).

        "If the Defendant meets this burden, the third prong of the *McDonnell Douglas* test requires the Plaintiff to produce sufficient evidence that Defendant's alleged nondiscriminatory reason for [the employment action] was a pretext." *Hume*, 124 Wash.2d at 667, 880 P.2d 988. Evidence is sufficient to overcome summary judgment if it creates a genuine issue of material fact that the employer's articulated reason was a pretext for a discriminatory purpose. *Id.* at 668, 880 P.2d 988; *Grimwood*, 110 Wash.2d at 364, 753 P.2d 517; *Riehl*, 152 Wash.2d at 150, 94 P.3d 930.

        If the plaintiff satisfies the *McDonnell Douglas* burden of production requirements, the case proceeds to trial, unless the judge determines that no rational fact finder could conclude that the action was discriminatory. *Hill v. BCTI Income Fund–I*, 144 Wash.2d 172, 186, 188–89, 23 P.3d 440 (2001), *overruled on other grounds* by *McClarty v. Totem Elec.*, 157 Wash.2d 214, 137 P.3d 844 (2006). . . .

      . . . An employee may satisfy the pretext prong by offering sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is pretextual or (2) that although the employer's stated reason is legitimate, discrimination nevertheless was a substantial factor motivating the employer. *Fell v. Spokane Transit Auth.*, 128 Wash.2d 618, 643 n. 32, 911 P.2d 1319 (1996); *see Wilmot v. Kaiser Alum. & Chem. Corp.*, 118 Wash.2d 46, 73, 821 P.2d 18 (1991); *Grimwood*, 110 Wash.2d at 365, 753 P.2d 517. An employee does not *need* to disprove each of the employer's articulated reasons to satisfy the pretext burden of production. Our case law clearly establishes that it is the plaintiff's burden at trial to prove that discrimination was a substantial factor in an adverse employment action, not the only motivating factor. *See Mackay*, 127 Wash.2d at 309–11, 898 P.2d 284. An employer may be motivated by multiple purposes, both legitimate and illegitimate, when making employment decisions and still be liable under the WLAD. *See Mackay*, 127 Wash.2d at 309–11, 898 P.2d 284.

*Scrivener v. Clark Coll.*, 334 P.3d 541, 545–46 (Wash. 2014) (en banc).

    3.  Merits of the Claim

    As discussed above, Defendants contend that Plaintiff cannot establish a prima facie case. The Court disagrees, at least to the extent that material issues of fact exist.

1    Both parties agree that Plaintiff is within the statutorily protected age group because he

2 was age sixty when he was terminated. Dkt. 20 at p. 10. Likewise, both parties agree that

3 Plaintiff was discharged. Dkt. 20 at p. 1. Thus, the first two elements of age discrimination are

4 not disputed. As for whether Plaintiff was doing satisfactory work at the time he was discharged,

5 material issues of fact exist. For example, Plaintiff received the highest bonus possible in each

6 recent year. Dkt. 30 at p. 2; Dkt. 31 at p. 1–2. Although Defendants documented several

7 instances of frustration with Plaintiff, *see* Dkt. 25 at p. 3–11, Plaintiff also submitted a review

8 from six months before his discharge praising his work and rating him as "Outstanding,"

9 "Skilled", and having "Clear Strength" in all but three areas. Dkt. 34-2 at p. 6. These and other

10 pieces of evidence create a genuine issue of fact on the element of satisfactory work that must be

11 resolved by a fact finder.

12    Moving to whether Plaintiff was replaced by someone significantly younger, Defendants

13 claim that Plaintiff was not replaced because his position was eliminated, while Plaintiff claims

14 that Ms. Diamante is performing the same job by a different title. Dkt. 20 at p. 1. Among other

15 things, Defendants argue that Plaintiff was never in charge of "talent development," but Ms.

16 Diamante is. Dkt. 24 at p. 3. In support of this position, Defendants submitted documents such as

17 Ms. Diamante's deposition (Dkt. 22-1 at pp. 26–31) and Ms. Diamante's job description (Dkt. 24

18 at pp. 6–10). Defendants contend that Plaintiff admitted in his deposition that Ms. Diamante's

19 job differs from his. Dkt. 35 at pp. 8–9. Plaintiff, in response, submitted an email from Ms.

20 Egnell describing Ms. Diamante as Plaintiff's "replacement." Dkt. 33 at p. 15. Additionally, the

21 announcement of Plaintiff's hiring describes his job as "to enhance the career growth of our

22 personnel . . . ." Dkt. 30 at p. 3. Plaintiff argues this description means talent development. The

23 Court's role at summary judgment is not to weigh this evidence. *See Anderson*, 477 U.S. at 253

24

1   (1986). Plaintiff has submitted evidence sufficient to create material issues of fact regarding

2   whether Ms. Egnell replaced him or filled a new and different position.

3        Defendants argue that first offering the position of Learning & Development Director to

4   Mr. Deraney, who appeared to be over the age of forty, defeats Plaintiff's prima facie claim of

5   age discrimination. Dkt. 20 at p. 14. In support of this argument, Defendants cite *Cousins v.*

6   *Kitsap County*, No. 08-CV-05764-KLS, 2010 U.S. Dist. LEXIS 138532 (W.D. Wash. Dec. 29,

7   2010). That case is not on point. In *Cousins*, although the position was offered to a person in the

8   same protected class as the plaintiff—a woman—the offeree also accepted the position. *Id.* at *6.

9   In this case, the position was offered to Mr. Deraney, a man over the age of forty years old, but

10  Mr. Deraney did not accept. Dkt. 24 at p. 4. Thus, the case is not persuasive. Defendants have

11  cited no authority that offering the position to someone in the same protected class, even if the

12  person does not accept, defeats a prima facie claim of discrimination. In this case, even if Mr.

13  Deraney had accepted the position, Plaintiff's prima facie case would not necessarily be

14  defeated. The fourth element is being replaced by someone "significantly younger," not someone

15  outside the protected class. *Hill*, 144 Wn.2d at 188 (citing *Coin Caterers Corp.*, 517 U.S. 308,

16  312–13 (1996)). If Mr. Deraney was fifty years old, as Defendants claimed he appeared to be, he

17  would still have been ten years younger than Plaintiff. A jury could find that that difference is

18  significant, so issues of material fact would still exist. Offering the position to Mr. Deraney does

19  not defeat Plaintiff's prima facie case of age discrimination.

20       Since Plaintiff met his summary judgment burden of production of submitting evidence

21  showing a prima facie case, Defendants must then "articulate a legitimate, nondiscriminatory

22  reason" for terminating Plaintiff. *Scrivener*, 334 P.3d at 546. Defendants have met this burden.

23  Defendants submit that their legitimate reason for terminating Plaintiff was because they

24

1   eliminated his position. Dkt. 20 at p. 1. To show Ms. Diamante's job is a new position,

2   Defendants submitted evidence, including Ms. Diamante's job description (Dkt. 24 at pp. 6–10);

3   Ms. Diamante's testimony describing her position (Dkt. 22-1 at pp. 26–31); testimony from Ms.

4   Egnell (Dkt. 24); as well as Plaintiff's own admissions in his deposition (Dkt. 37-1). Thus,

5   Defendants have articulated a legitimate, nondiscriminatory reason for terminating Plaintiff.

6        Since Defendants met their burden, Plaintiff must "create a genuine issue of material fact

7   either (1) that the defendant's reason is pretextual or (2) that although the employer's stated

8   reason is legitimate, discrimination nevertheless was a substantial factor motivating the

9   employer." *Scrivener*, 334 P.3d at 546. Plaintiff has presented sufficient evidence to create a

10   genuine issue of material fact that Defendants' reason is pretextual. As discussed above, Plaintiff

11   presented evidence creating a genuine issue of material fact of whether his position was

12   eliminated, calling into question Defendants' articulated reason. Plaintiff has created a genuine

13   issue of material fact that Defendants' articulated reason was a pretext for discrimination.

14   Plaintiff's age discrimination claim should not be dismissed on summary judgment.

15   B. Gender Discrimination

16        Plaintiff has also alleged Defendants discriminated against him on the basis of gender in

17   violation of the WLAD. Dkt. 20 at p. 1. The prima facie elements of a gender discrimination

18   claim are almost identical to those of age discrimination: a male plaintiff must show that he (1)

19   was a male; (2) was discharged by the defendant; (3) was doing satisfactory work; and (4) was

20   replaced by a woman. *See Fulton v. State Dept. of Soc. & Health Servs.*, 169 Wn. App. 137, 150

21   (2012) (citations omitted). Similar to Plaintiff's above age discrimination claim, the first two

22   elements of his gender discrimination claim are not disputed. Elements three, however, is in

23   issue. Defendants argue that having first offered the position to Mr. Deraney defeats Plaintiff's

24

1    prima facie case of gender discrimination. Dkt. 20 at p. 14. Despite Defendants' arguments,

2    issues of material fact exist on element four.

3          In his Memorandum in Opposition to Defendants' Motion for Summary Judgment (Dkt.

4    28), Plaintiff did not address his gender discrimination claim. Federal Rule of Civil Procedure

5    56(e) states:

6          "If a party fails to properly support an assertion of fact or fails to properly
           address another party's assertion of fact as required by Rule 56(c), the court
7          may . . . (2) consider the fact undisputed for purposes of the motion; (3) grant
           summary judgment if the motion and supporting materials–including the facts
8          considered undisputed–show that the movant is entitled to it . . . ."

9    Fed. R. Civ. P. 56(e). The Court will take facts Defendants asserted specific to Plaintiff's

10   gender discrimination claim as undisputed.

11         As discussed above regarding Plaintiff's age discrimination claim, Plaintiff has

12   not cited any authority that first offering a position to someone of the same gender

13   defeats a gender discrimination claim. Dkt. 20 at p. 14. Additionally, although Plaintiff

14   stated that his gender claim was only based on being replaced by a woman, he also put

15   evidence in the record creating a prima facie case. *See supra* discussion at Part IV.A.3.

16   Plaintiff submitted evidence showing material issues of fact regarding Defendants'

17   proffered explanation for terminating Plaintiff. *Id.* Therefore, for the same reasons as

18   discussed above regarding Plaintiff's age discrimination claim, Plaintiff has shown

19   material issues of fact exist, making summary judgment inappropriate on Plaintiff's

20   gender discrimination claim.

21     C.   Claims Against Thomas Crane

22         Plaintiff sued Maja Egnell, Skanska, and Thomas Crane for age discrimination. Dkt. 20 at

23   p. 1. Defendants have submitted evidence that Maja Egnell made the decision to terminate

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 13

1   Plaintiff, not Thomas Crane. Dkt. 23 at p. 3; Dkt. 24 at p. 3. Plaintiff did not rebut this fact in his

2   Memorandum in Opposition to Defendants' Motion for Summary Judgment. Dkt. 28. Therefore,

3   the Court will consider Defendants' assertion undisputed for purposes of this motion. Fed. R.

4   Civ. P. 56(e)(2). Based on the undisputed facts, Plaintiff has failed to show Mr. Crane made the

5   decision to terminate him. Summary judgment should be granted dismissing all Plaintiff's claims

6   against Mr. Crane.

7       D.  Damages Mitigation

8           Defendants contend that, even if Plaintiff was discriminated against, Plaintiff has failed to

9   act reasonably in mitigating his damages. Dkt. 20 at pp. 17–18. "[T]he burden is on the employer

10  to prove that the employee failed to mitigate damages in an age discrimination suit." *Herring v.*

11  *DSHS*, 81 Wn. App. 1, 19 (1996) (citing *Burnside v. Simpson Paper Co.*, 66 Wn. App. 510, 529–

12  30 (1992)). The employer must show that "there were suitable positions available and that [the

13  plaintiff] 'failed to use reasonable care and diligence in seeking them.'" *Id.* Defendants have

14  submitted evidence of positions that Plaintiff appears qualified for and argue that Plaintiff acted

15  unreasonably by only applying to one job. Dkt. 21-1. Issues of material fact still exist, however,

16  such as what the salary of those positions were. Additionally, Plaintiff claims that his pursuing a

17  Ph.D. is a reasonable method of mitigating his damages, in light of the market for his skills, and

18  that he is diligently pursuing employment through obtaining his Ph.D. Dkt. 28 at p. 7; *see also*

19  Dkt. 37-1 at p. 2–3. Because disputed issues of material fact exist as to whether Plaintiff properly

20  took steps to mitigate his damages, summary judgment is not warranted.

21          Accordingly, it is **ORDERED** that:

22      •  Defendants' Motion for Summary Judgment (Dkt. 20) is **GRANTED** regarding all

23          claims against Thomas Crane, and all claims against this defendant are **DISMISSED**;

24

- Defendants' Motion for Summary Judgment (Dkt. 20) is **DENIED** regarding Plaintiff's age and gender discrimination claims against Skanska and Ms. Egnell, and these claims may proceed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of October, 2014.

*Robert J Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 15