UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN E HOLTZ, | CASE NO. C13-5985 RJB |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SKANSKA USA, INC, and MAYA EGNELL, | |
| Defendants. | |

This matter comes before the court on Defendants' Motion to Dismiss.  Dkt. 59.  The court has considered the relevant documents and the remainder of the file herein.

**PROCEDURAL HISTORY AND MOTION**

On May 15, 2015, defendants filed a motion to dismiss, requesting that the court dismiss all claims against them because of plaintiff's failure to prosecute the case, failure to follow the Federal Rules of Civil Procedure, and failure to follow deadlines set by the court.  Dkt. 59. Specifically, defendants contend that plaintiff failed to serve defendants with the pretrial statement by May 12, 2015, the date it was due pursuant to LCR 16(h).  Defendants maintain that

1   plaintiff's current and past failures to comply with the court's deadlines and applicable rules

2   have limited defendants' ability to prepare for trial and to prepare their pretrial statement.

3       On May 19, 2015, the court issued an order denying the parties' stipulated motion to

4   continue the trial, concluding that "[t]here is ample time remaining to prepare for the Pretrial

5   Conference on June 19, 2015, and trial on June 29, 2015." Dkt. 63, at 1.   The court advised

6   counsel that they "should immediately and forthwith comply with deadlines that were missed

7   and should meet all future deadlines;" and that "[f]urther delays are not in the interest of the

8   parties, the public, or the cause of justice." Dkt. 63, at 2.

9       On May 27, 2015, plaintiff filed a response to the motion to dismiss, stating that he had

10  provided defendants with the draft of plaintiff's pretrial statement on May 16, 2015; that

11  defendants provided plaintiff with their draft on May 22, 2015; and that the parties have had

12  ample time to work out a proposed pretrial order before the June 12, 2015 deadline set by the

13  court. Dkt. 64.  The proposed Agreed Pretrial Order was filed on June 12, 2015.  Dkt. 73.

14      On June 11, 2015, defendants filed a reply, contending that plaintiff's argument that

15  defendants would not be prejudiced if the case were to proceed is disingenuous, given that

16  plaintiff had previously stipulated, in the parties motion to continue the trial date, that defendants

17  would be prejudiced if the case continued as scheduled.  Dkt. 68.

18                          <u>DISCUSSION</u>

19      Fed.R.Civ.P. 41(b) provides in relevant part as follows:  "If the plaintiff fails to prosecute

20  or to comply with these rules or a court order, a defendant may move to dismiss the action

21  against it."

22      In determining whether dismissal under Rule 41(b) is warranted, the court should

23  consider five factors: "(1) the public's interest in expeditious resolution of litigation, (2) the

24

1   court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public

2   policy favoring disposition of cases on their merits, and (5) the availability of less drastic

3   sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v.*

4   *Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).

5         This case was filed November 13, 2013.  While the public interest favors expeditious

6   resolution of the litigation, deadlines were continued by the court at the request of both parties,

7   who attempted to resolve the case by mediation.  The final trial date of June 29, 2015, was not

8   continued and remains as set.  The court has managed its docket while accommodating the needs

9   of the parties.  Although defendants maintain that they are prejudiced by plaintiff's failure to

10   provide the defense with the pretrial statement in a timely manner, the court's May 19, 2015

11   order concluded that there is ample time remaining to prepare for the pretrial conference and

12   trial. The parties' proposed agreed pretrial order has been filed.  Defendants have not shown that

13   they would be prejudiced if the court denies the motion to dismiss. Public policy favors

14   disposition of the case on the merits.  Finally, it does not appear that a sanction is necessary.

15   Accordingly, defendants' motion to dismiss should be denied.

16         Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Dkt. 59) is

17   **DENIED**.

18         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19   to any party appearing *pro se* at said party's last known address.

20         Dated this 17th day of June, 2015.

21

22

23   ROBERT J. BRYAN
      United States District Judge

24

ORDER DENYING DEFENDANTS' MOTION TO
DISMISS- 3